UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
GARY JACOBSON,

        Petitioner,

   -against-                                   ORDER

COMMISSIONER OF SOCIAL             12-CV-8416 (CS)(LMS)
SECURITY,
,
        Respondent.
------------------------------------------------------x

Seibel, J.

      Before the Court is Plaintiff's objection, (Doc. 39), to the Report and Recommendation of United States Magistrate Judge Lisa Margaret Smith (the "R&R"), (Doc. 38), recommending that Plaintiff's motion for attorneys' fees under 42 U.S.C. § 406(b) be dismissed as untimely, unless Plaintiff counsel can show that the motion is timely under *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019), or that circumstances warrant enlarging the time limit that would otherwise apply. The Court assumes the parties' familiarity with the underlying facts, the procedural history of the case, the R&R and the standards governing fee applications pursuant to 42 U.S.C. § 406.

      A District Court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). "A party that objects to a report and

recommendation must point out the specific portions of the report and recommendation to which they [*sic*] object." *J.P.T. Auto., Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 659 F. Supp. 2d 350, 352 (E.D.N.Y. 2009). If a party fails to object to a particular portion of a report and recommendation, further review thereof is generally precluded. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002). The court must review *de novo* any portion of the report to which a specific objection is made. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report only for clear error. *Alaimo v. Bd. of Educ.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009). "Furthermore, [even] on *de novo* review, the Court generally does not consider arguments or evidence which could have been, but were not, presented to the Magistrate Judge." *United States v. Vega*, 386 F. Supp. 2d 161, 163 (W.D.N.Y. 2005).

Plaintiff does not really dispute the analysis in the R&R. Rather, he provides an explanation as to why he believes circumstances warrant an enlargement of time. In *Sinkler* the Second Circuit held that any application for fees under § 406(b) must be made within fourteen days after receiving the Commissioner's notice of calculation of benefits. Plaintiff concedes in his objection that he received that notice in June 2018. (Doc. 39 at 2.) *Sinkler* was decided in August 2109. Plaintiff got a letter from the Commissioner dated January 26, 2020, advising that the Social Security Administration was withholding $37,906.75 from Plaintiff's award, representing the balance of 25% of Plaintiff's past-due benefits, in anticipation of a court-authorized attorneys' fee. (Doc. 30 Ex. B.)[1] The motion for fees was made on January 30,

---

[1]Section 406(b) limits the fee to 25% of the past-due benefits.

2

2020.  (Doc. 29.)

In *Sinkler*, Plaintiff argued that she could not be expected to know about the fourteen-day requirement and should be held only to a reasonableness standard.  The Circuit found that an unexplained six-month delay in making the motion was insufficient even under the reasonableness standard.  *See* 932 F.3d at 90.  Thus, it would seem, the fourteen-month delay between Plaintiff getting the notice and the decision in *Sinkler* would be unreasonable.  The six-month delay between the decision in *Sinkler* and the motion seems even less reasonable, as a prudent practitioner would have made his motion within 14 days of *Sinkler* to protect his rights.

In his objections, however, Plaintiff attempts to explain the delay.  He says that after receiving the notice in June 2018, his counsel promptly (on June 22, 2018), sought fees under 42 U.S.C. § 406(a) for the administrative proceedings before the Commissioner.  (Doc. 39 at 2.)  He explains that he awaited the decision on the § 406(a) application before moving under § 406(b) for fees for representatin before the Court, because without a decision under § 406(a), he would not know how much, if anything, was left of the withheld 25%.  Had the Commissioner under § 406(a) reduced the amount sought, that would leave more that could be sought under § 406(b).  In his motion Plaintiff's counsel says he was informed of the outcome of the § 406(a) application in 2019, (Doc. 31 at 2-3), but does not specify when.  In his objection, he notes that he made the instant motion for fees under § 406(b) promptly after receiving the January 26, 2020 letter, implying that that was when he was informed of the outcome of the § 406(a) application.  (Doc. 39 at 2.)

If January 26, 2020 was when Plaintiff was informed of the outcome of his § 406(a) application, I would be inclined, under my equitable powers, to enlarge the time and award the requested fee.  *See Marciniak v. Commissioner of Social Security*, No. 13-CV-2955, 2019 WL

3886410, at *2 (W.D.N.Y. Aug. 19, 2019).  In that situation (although counsel should have made the application within 14 days of the decision in *Sinkler* to be safe) he would at least have provided "a factual basis to support a claim that it was 'reasonable' to delay the filing of [his] § 406(b) application," *Sinkler*, 932 F.3d at 90 – namely, that he was awaiting the outcome of his § 406(a) application.  But Plaintiff's counsel apparently knew of the outcome of the § 406(a) application sometime in 2019, which is obviously before January 26, 2020.  I therefore need to know how much before, in order to determine whether the period of delay between the notification of the § 406(a) outcome and the making of the § 406(b) motion was reasonable.  Plaintiff's counsel is therefore directed to provide a declaration (attaching relevant documents) explaining when Plaintiff was informed of the outcome of his § 406(a) application and, if he wishes, what accounts for any delay between that date and the making of the § 406(b) application.  The declaration shall be submitted no later than June 18, 2020.  If no declaration is submitted, the motion will be denied.

**SO ORDERED.**

Dated: June 3, 2020
    White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.