UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
GARY JACOBSON,

        Petitioner,

   -against-                                 ORDER

COMMISSIONER OF SOCIAL                12-CV-8416 (CS)(LMS)
SECURITY,
,
        Respondent.
------------------------------------------------------x

Seibel, J.

       This Order supplments my Order of June 3, 2020, (Doc. 40), which is incorporated herein by reference and familiarity with which is presumed.

       Plaintiff's counsel has filed a declaration, (Doc. 41), in response to that Order. He explains that he was informed of the outcome of his § 406(a) application on September 12, 2019. He explains the delay between then and January 30, 2020, when he made his fee application under § 406(b), by reference to three factors. First, there was a thirty-day period (running from the date of the notification, which appears to be late August) during which the client could have objected to the fee. Second, counsel was "focus[ed] . . . on receiving the check," (*id.* ¶ 8), which required a follow-up letter in December, and followed up promptly with the § 406(b) application once the § 406(a) check was received. Third, counsel was ignorant of the decision in *Sinkler*. Counsel concedes that awarding the fee in these circumstances would be "near the boundaries of what may be considered reasonable," (*id.* ¶ 14), but suggests that equitable considerations – including lack of harm to any party and the benefits to the public from lawyers taking social security cases on contingency – justify payment anyway.

There are some disturbing aspects to the instant application.  First, counsel in litigating the matter before the Magistrate Judge seemingly intentionally hid the date the Notice of Award was issued.  In his objections to me, counsel seemingly intentionally hid the date he was notified of the § 406(a) outcome.  In both cases he made it seem as if his application was prompt because it came shortly after the January 26, 2020 letter.  Finally – shockingly – although he apparently specializes in social security cases,  he was unaware of the *Sinkler* decision and says he "typically only hear[s] about important appellate rulings through various articles or word of mouth."  (*Id.* ¶ 13.)

If I were to count the delay here from the date of the § 406(a) award rather than the Notice of Award, the delay would be four months.  That is not categorically too long under *Sinkler*, which found six months to be unreasonable.  On the other hand, this case is not like *Marciniak v. Commissioner of Social Security*, No. 13-CV-2955, 2019 WL 3886410, at *2 (W.D.N.Y. Aug. 19, 2019), where the § 406(b) application was filed before *Sinkler* was decided. The Court in *Marciniak* found outright denial of fees to be inequitable in part for that reason and in part because there was no question counsel did the work and got a good result for his client. *Id.*  The latter reason applies here; counsel fought for many years to get a firefighter the benefits he deserved.

At the risk of being lawless, the Court will approve the fee application "but require counsel to compensate Plaintiff for the financial prejudice caused by the delay."  *Id.*  Counsel was previously awarded $6,869.38 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and because the fee here – which I find to be reasonable for the reasons articulated by Magistrate Judge Smith – exceeds that amount, Plaintiff is entitled to a refund of the EAJA fee.  As the *Marciniak* Court pointed out, "[h]ad counsel timely filed his § 406(b) fee request,

Plaintiff would have had use of his [$6,869.38] much sooner," and therefore should get interest for the period of delay. 2019 WL 3886410, at *2.

Accordingly, for the reasons stated above:

1) counsel's request for a fee of $20,000 under § 406(b) is approved;

2) counsel is ordered to, no later than July 3, 2020, refund to Plaintiff the $6,869.38 EAJA award, together with interest for the period August 16, 2019 (14 days after the decision in *Sinkler*) through January 30, 2020 (the date of the § 406(b) application), paid at the statutory rate set forth in 28 U.S.C. § 1961; and

3) counsel shall advise this Court by declaration, no later than July 3, 2020, as to what steps he and his firm have taken so that they will promptly be informed of developments in the law in their area of specialization – which the Court imagines would include subscribing to a newsletter or listserv, joining a professional organization, and/or attending frequent continuing legal education programs.

**SO ORDERED.**

Dated: June 19, 2020
       White Plains, New York

                                                     _____
                                                     CATHY SEIBEL, U.S.D.J.